Armstrong, P. J., dissenting.
The City of Hood River approved a zone change for Morrison Park in Hood River from Open Space/Public Facilities to Urban High Density Residential, thereby authorizing the construction of affordable housing on the rezoned land. Petitioner appealed the zone change to the Land Use Board of Appeals (LUBA), contending that the change violated Goal 8 Policy 1 of the Hood River Comprehensive Plan, which provides that "[e]xisting park sites will be protected from incompatible uses." The city had construed that provision to apply only "to protect [city] parks from near-by incompatible uses through zoning of surrounding lands and permit reviews for near-by properties" and, hence, not to prohibit the city from deciding to rezone the park to another use. LUBA upheld the city's construction of the provision as a plausible construction of it. The majority reverses LUBA, concluding that the city's construction of the provision is not plausible. I disagree. Because I would uphold the city's construction of Goal 8 Policy 1 and would reject petitioner's other assignments of error, I respectfully dissent from the majority's decision to reverse LUBA's decision.
According to the majority, the city's construction of Goal 8 Policy 1 makes an untenable distinction between land within and outside an existing park. If, as the city concluded, the policy does not apply to the park itself, then the city can allow incompatible uses within the park, which cannot be squared with protection of the park from incompatible uses. Hence, according to the majority, the protection against incompatible uses must apply to the park itself and *250 to the land surrounding it. 294 Or. App. at 248, 430 P.3d at 1118. That means, however, that the protection in Goal 8 Policy 1 against incompatible uses has a different meaning for land within an existing park than it does for land outside the park. For land within the park, it means protection from any use other than park use. For land outside the park, it means protection from uses that are incompatible with park use, for example, from the use of adjoining land to mine aggregate. So understood, that means that, as construed by the majority, Goal 8 Policy 1 does two things: It requires existing park land to remain park land and it requires existing parks to be protected from incompatible uses on the land that surrounds them. With respect, if Goal 8 Policy 1 were intended to do that, then it would have been written to say that.
In contrast to the majority's construction, under the city's construction of Goal 8 Policy 1, the city could decide, for example, to convey a portion of Morrison Park to the local school district to construct a school and, concomitantly, to rezone the former park land for use as a school. Under the majority's construction, the city could not do that because, although the use of land adjoining the park for a school would be compatible with the use of the remaining park land as a park, the change of some park land to another use would nonetheless violate the requirement to maintain land within the park as park land. Similarly, under the city's construction, it could decide to swap Morrison Park for land that it thought to be more suitable to meet the city's park needs and, accordingly, to rezone the Morrison Park land for another use. Again, the city could not do that under the majority's construction.
In sum, contrary to the majority's conclusion, Goal 8 Policy 1 does not say that existing parks will remain parks and will be protected from incompatible uses. It says, as the city plausibly construed it to say, that existing parks will be protected from incompatible uses, which means that they will be protected *1120 from incompatible uses only so long as they remain parks. Because I believe that LUBA correctly deferred to the city's plausible construction of Goal 8 Policy 1-and I am not persuaded that LUBA erred in any other *251 respect identified by petitioner-I would affirm LUBA's decision and, hence, respectfully dissent from the majority's contrary conclusion.